**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 122645

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wei Fang, | |
| Plaintiff, | |
| | Case No: |
| **v.** | |
| | **COMPLAINT** |
| JP Morgan Chase Bank NA, Experian Information Solutions, Inc., TransUnion Interactive, Inc., and Equifax Information Services, Inc., | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

Wei Fang ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against JP Morgan Chase Bank NA (hereinafter referred to as "*Chase*" or "*Furnisher*" "*Furnisher Defendants*"), Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*"), TransUnion Interactive, Inc. (hereinafter referred to as "*TransUnion*") and Equifax Information Services, LLC (hereinafter referred to as "*Equifax*") and (Experian, Equifax and TransUnion are hereinafter referred to as "*CRA Defendants*") (collectively Furnisher Defendant and all CRA Defendants will be referred to as "*Defendants*") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq.*

2. This action is commenced against the CRA Defendants for reporting inaccurate

1

information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports and for their violations of §1681c-2 for failing to block the information after receipt of the notice of dispute/identity theft.

3.      This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4.      Plaintiff Wei Fang is a victim of identity theft who has been haunted by a string of fraudulent accounts that were opened in his name.

5.      Despite sending a dispute letter and identity theft statement to the CRA Defendants, which were then sent to Furnisher Defendant, Defendants have failed to block or remove these accounts rendering Plaintiff's credit virtually useless.

6.      Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate and fraudulent information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score.  As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, credit denials and less favorable rates and the mental and emotional pain, anguish, humiliation and embarrassment.

7.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its

violative behaviors.

## JURISDICTION AND VENUE

8.      Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9.      Venue is also proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because a Defendant is a resident of this judicial district and a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

10.     Plaintiff Wei Fang is an individual who is a citizen and resident of the State of Illinois.

11.     Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

12.     Defendant Chase is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b).

13.     Defendant Chase is a national banking association that has a principal place of business located at 1111 Polaris Parkway in Columbus, Ohio 43240, Chase also maintains offices and conducts substantial business in the state of Illinois.

14.     Defendant Equifax is a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

15.     Defendant Equifax is a foreign limited liability company formed in Georgia that has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of Illinois, and may be served with process upon Illinois Corporation Service C, its registered agent for service of process at 801 Adlai Stevenson Drive, Springfield, IL 62703.

16.     Defendant Equifax by contractual agreement, disbursed consumer background

reports for remuneration to third parties.

17.     Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

18.     Defendant Experian is a CRA as defined under 15 U.S.C. 1681a(f) that regularly conducts business in this judicial district.

19.     Defendant Experian is a foreign corporation formed in Ohio, that has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of Illinois, and may be served with process upon CT Corporation System, its registered agent for service of process at 208 SO Lasalle St, Suite 814, Chicago, IL 60604.

20.     Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

21.     Defendant TransUnion is a CRA as defined under 15 U.S.C. 1681a(f) that regularly conducts business in this judicial district.

22.     Defendant TransUnion is foreign corporation formed in Delaware, which has a principal place of business located at 555 W. Adams Street, Chicago, IL  60661, and may be served with process upon Illinois Corporation Service C, its registered agent for service of process at 801 Adlai Stevenson Drive, Springfield, IL 62703.

23.     Defendant TransUnion by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

24.     As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

(a)(1)   The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)      An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)      Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)      There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

25.      The FCRA mandates the CRA Defendants adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

26.      CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation.  That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

27.      Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

28.      Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

5

## **FACTUAL ALLEGATIONS**

29.     On or around December 2019, after returning from a trip to China, Plaintiff Wei Fang discovered that he was a victim of identity theft due to someone fraudulently opening a Chase credit card (Hereinafter referred to as "Chase account") in his name and using it to make unauthorized purchases.

30.     According to Plaintiff's credit report, the Chase account was opened in October 2019 and upon information and belief was primarily used in Los Angeles.

31.     The credit card is currently charged off with a balance of $13,292 which Chase is reporting on Plaintiff's consumer credit reports with Experian, Equifax and TransUnion.

32.     Plaintiff did not know how to resolve this issue, but after receiving some guidance he filed a police report on February 18, 2020, (hereinafter referred to as "2/18/2020 Police Report") and sent it to Chase.

33.     Plaintiff hoped that filing this report would allow for a police investigation into this fraudulent account which has impacted his ability to use his credit and his ultimate release from the underlying liability of these accounts which he did not open, but this was not the case as the police provided little assistance and Chase refused to help him.

34.     On April 21, 2021, Plaintiff completed a FTC Identity Theft Affidavit (hereinafter referred to as the "FTC Affidavit") further memorializing what happened to him.

35.     On April 27, 2021, a dispute letter was sent via certified mail to each CRA Defendant attaching the 2/18/2020 Police Report; the FTC Affidavit; Plaintiff's social security card; driver's license; utility bill for his residence; and images of the Plaintiff's passport showing his trip to China (Hereinafter referred to as "April 2021 Identity Theft Dispute").

36.     Plaintiff's April 2021 Identity Theft Dispute also stated that between October 8,

2019 and December 23, 2019 he was in China and did not open the Chase account, did not approve of it being opened, did not use it, did not approve of any of its transactions or benefit from the card at all.

37.     Upon information and belief, within five (5) business days of receipt of the April 2021 Identity Theft Dispute, CRA Defendants forwarded the notice of dispute and all relevant information regarding the dispute received to Furnisher Defendant.

38.     Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information regarding the dispute from all CRA Defendants.

39.     Upon information and belief, Defendants either failed to perform any investigation or performed an inadequate investigation and simply verified the account as accurate and continued reporting the fraudulent account on Plaintiff's credit report.

40.     Defendants failed to block or remove the reporting of the information that the consumer informed them was a result of identity theft.

41.     Despite receipt of the dispute letters from CRA Defendants, Chase continues to report the fraudulent Chase account on Plaintiff's Experian, TransUnion and Equifax credit reports.

42.     Defendants' failure to investigate the dispute and block or remove the false and fraudulent Chase account has caused the Plaintiff to sustain actual damages including, but not limited to credit denials, loss of credit, less favorable credit terms, the loss of the ability to adequately purchase and benefit from credit as well as embarrassment, anguish, and emotional and mental pain.

43.     Plaintiff is unable to get approvals for credit or reasonable financing terms on items he requires for life and business including but not limited to most recently being denied by Dupage

Credit Union for lending for purchasing a vehicle.

44. Plaintiff has also incurred damages as a result of the time and money spent to obtain credit reports, submit disputes to the CRA Defendants and to speak with Furnisher Defendant about this issue.

<u>**COUNT I**</u>
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b)**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. The CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

47. Upon receipt of Plaintiff's disputes, the CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

48. Upon information and belief, the CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

49. In violation of §§ 1681e(b) and 1681(i), the CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

50. Plaintiff disputed the inaccurate information and the CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

51. CRA Defendants furnished consumer credit reports inclusive of these inaccurate, fraudulent accounts which caused the Plaintiff to be declined for credit and impairing Plaintiff's ability to use the credit.

52. The CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury and they are liable under § 1681n and § 1681o respectively for their willful and negligent failures to follow reasonable policies and procedures.

53. As a result of the CRA Defendants' violations of 15 U.S.C. §§§ 1681e(b), 1681i and 1681c-2, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

54. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## <u>COUNT II</u>
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

57. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

58. The CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

59. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and

consider all relevant information submitted by Plaintiff regarding the dispute.

60.     The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

61.     The CRA Defendants violated 15 U.S.C. § 1681i(a) by failing to provide Plaintiff with the requisite notice of determination or notice of results of reinvestigation.

62.     As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

63.     The CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64.     In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

65.     For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

<u>COUNT III</u>
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681c-2**

66.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67.     Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receive of notice of the identity theft.

68.     This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer,

dictates.

69.     Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent four dispute letters itemized in the above statement of facts which included appropriate proof of identity, the FTC Affidavit and the 2/18/2020 Police Report.

70.     The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify the Furnisher Defendant that the information was a result of identity theft.

71.     The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify the Furnisher Defendant that an identity theft report has been filed.

72.     The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify the Furnisher Defendant that a block had been requested.

73.     The CRA Defendants violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

74.     The CRA Defendants violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify the consumer that they would decline to block the disputed fraudulent accounts or had rescinded the blocking of these accounts.

75.     As a result of the CRA Defendants' violations of 15 U.S.C. §1681c-2, Plaintiff suffered actual damages which have been further described above.

76.     The CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77.     In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

78.     For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681c-2 and

are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

79.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

80.     At all times pertinent hereto, each Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

81.     The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

82.     The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the dispute item from a consumer reporting agency.

83.     Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, properly and in good faith investigate Plaintiff's dispute.

84.     The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

85.     Upon information and belief, the CRA Defendants notified the Furnisher Defendant of Plaintiff's April 2021 Identity Theft Dispute within five (5) business days of receipt of the dispute letter.

86.     Upon information and belief, the Furnisher Defendant received notice of Plaintiff's

April 2021 Identity Theft Dispute from CRA Defendant.

87.     The Furnisher Defendant failed to investigate and/or reasonably investigate Plaintiff's dispute and failed to correct or remove the inaccurate information from the account and credit report.

88.     Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

89.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

90.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

91.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

92.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

93.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

94.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or

negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

95.     The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

96.     Furnisher Defendant's conduct was willful in that they became aware of and therefore knew of the identity theft allegations when they received the April 2021 Identity Theft Dispute from the CRA Defendants and still failed to conduct a reasonable investigation and ultimately remove/block the information from Plaintiff's consumer credit report.

97.     Furnisher Defendant's conduct was willful in that after receiving the April 2021 Identity Theft Dispute, they exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when they failed to conduct a reasonable investigation and failed to block or remove the fraudulent account and instead continued to report the account on the consumer's credit report.

98.     As a result of the Furnisher Defendant's conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful consumer.

99.     Further, Plaintiff suffered actual damages including but not limited to the damages further described above.

100.    The Furnisher Defendant is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.    In the alternative, the Furnisher Defendant's conduct was negligent in failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling

Plaintiff to recovery under 15 U.S.C. § 1681o.

102.    For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

103.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a    Adjudging that Defendants' actions violated the FCRA; and

b    Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c    Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d    Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

e    Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

f    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g    Such other and further relief as the Court determines is just and proper.

DATED: June 16, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 122645

16